UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ACH ENTERPRISES 1 LLC,                  :    HONORABLE JOSEPH E. IRENAS
on behalf of itself and                 :    CIV. ACTION NO. 11-3571 (JEI/JS)
others similarly situated,              :
                                        :          **OPINION**
              Plaintiff,                :
                                        :
     v.                                 :
                                        :
VIKING YACHT COMPANY,                   :
                                        :
              Defendant.                :

**APPEARANCES:**

LITE DEPALMA GREENBERG, LLC
By:  Joseph J. DePalma, Esq.
     Bruce D. Greenberg, Esq.
Two Gateway Center, Suite 1201
Newark, New Jersey 07102
            Counsel for Plaintiffs

DUANE MORRIS LLP
By:  Dana Ash, Esq.
30 South 17th Street
Philadelphia, Pennsylvania 19103
            Counsel for Defendant


**IRENAS**, Senior District Judge:

   This is a breach of warranty suit.[1]  Plaintiff alleges that it, and others similarly situated, purchased from Defendant Viking Yacht Company yachts with a latent defect in the gel coat covering the hulls of the boats.  Viking Yacht moves to dismiss the claims, asserting that they are barred by the applicable statute of limitations.  For the reasons stated herein, the Motion will be

---

   [1] The Court exercises federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

granted.

## I.

The parties' dispute arises from cracked gel coat on over 800 yachts sold by Defendant Viking Yacht. This is not the first lawsuit to arise from the allegedly defective "953 Series" gel coat. The undersigned presided over the trial of Viking Yacht's breach of warranty suit against the gel coat manufacturer in July of 2009, which Viking Yacht lost. Many of the background facts relevant to this case may be found in opinions generated from the prior lawsuit and will not be repeated. *See generally Viking Yacht Co. v. Composites One LLC*, 385 F. App'x 195 (3d Cir. 2010); *Viking Yacht Co. v. Composites One LLC*, 622 F. Supp. 2d 198 (D.N.J. 2009); *Viking Yacht Co. v. Composites One LLC*, 496 F. Supp. 2d 462 (D.N.J. 2007). Suffice it to say that Viking Yacht alleged in its previous case, and Plaintiff also alleges, that the 953 Series gel coat cracks when exposed to the elements, and such cracking is very expensive to repair.[2]

The instant Motion exclusively concerns the timeliness of Plaintiff's Complaint, thus only a few facts and allegations require discussion. "In February of 2008, Plaintiff purchased a used 65' Viking Convertible [Yacht] that was manufactured by Viking in 2001." (Compl. ¶ 43) "In April of 2008, only two months after the purchase, the Defect rapidly manifested on the Convertible

---

[2] Plaintiff alleges that it has received "a proposal to repair the Defect [on one boat] for over $83,000." (Compl. ¶ 51)

Yacht, resulting in extensive and catastrophic gel coat cracking on the hull." (Id. ¶ 46)  Sometime between April 2008 and August 2008, Plaintiff "demanded" a "warranty repair" of the defect. (Id. ¶ 47)  Allegedly, Viking Yacht initially agreed to repair the cracked gel coat, but then in November 2009, cancelled the scheduled repair informing Plaintiff by letter that it had lost its lawsuit against the gel coat manufacturer and that "Viking is not, and may never be, in a position to repair these boats and absorb these additional costs." (Compl. Ex. 3)  The letter did, however, state that Viking Yacht would pursue an appeal.[3] (Id.)

On June 21, 2011, Plaintiff filed the instant Complaint which alleges three counts: (1) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.; (2) breach of express warranty pursuant to New Jersey's Uniform Commercial Code; and (3) breach of the implied warranties of merchantability and fitness for a particular purpose pursuant to New Jersey's Uniform Commercial Code.

Plaintiff alleges that Viking Yacht breached its written warranty by refusing to repair the cracked gel coat.  The "Viking Yacht Company One Year Limited Warranty" states, in relevant part:

> Viking Yacht Company warrants to the original purchase, for a period of One (1) year, from the date of delivery or Eighteen (18) months from the date of shipment from the factory, or upon completion of Two Hundred (200) hours of operation, which ever comes first, the following: That Viking will, through the selling dealer, replace or repair, at the discretion of Viking, any part

---

[3] Viking lost its appeal. See *Viking Yacht Co. v. Composites One LLC*, 385 F. App'x 195 (3d Cir. 2010).

3

      or component, manufactured by Viking which is proven to the satisfaction of Viking to be defective, and which has occurred under normal use and service within the warranty period.

(Kasinski Decl. Ex. 1)[4]

Viking Yacht moves to dismiss all three claims of the Complaint, asserting that they are time-barred.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the

---

[4] The Complaint alleges that the written warranty covered a five year period (Compl. ¶ 17) but does not attach the actual document to the Complaint. In support of its Motion to Dismiss, Viking Yacht submits an actual document containing the warranty Viking Yacht states is applicable to Plaintiff, which plainly contains a one-year warranty. Moreover, Plaintiff's opposition brief quotes the "'Viking Yacht Company One Year Limited Warranty'" which limits the warranty to "'a period of One (1) year, from the date of delivery or Eighteen (18) months from the date of shipment from the factory, or upon completion of Two Hundred Hour (200) of operation, which ever comes first,'" (Pl's Opposition Brief, p. 5), and explains that "for the purposes of this motion, Plaintiff will address the one-year warranty submitted by Viking, which applies to Plaintiff individually and on behalf of all class members." (Id. p. 5, n.2)
    This Court's reliance on the warranty document in deciding the instant Motion to Dismiss does not require conversion to summary judgment. *See Winer Family Trust v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007) (observing that documents "incorporated into the complaint by reference," and documents "integral to or explicitly relied upon in the complaint" may be considered on a motion to dismiss without converting it to a motion for summary judgment.") (internal citations and quotations omitted).

4

plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**III.**

The Court addresses the timeliness of (1) the U.C.C. breach of express warranty claim; (2) the U.C.C. breach of implied warranties claims; and (3) the Magnuson-Moss Act claim, in that order.

**A.**

Viking Yacht argues that the express warranty claim is barred by the applicable statute of limitations, which provides in relevant part,

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . .
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of

5

>the breach.  A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

N.J.S.A. 12A:2-725(1)-(2).

Viking Yacht argues that the breach of express warranty claim is barred under either the general accrual rule: "a breach of warranty occurs when tender of delivery is made"; or the "future performance" exception: "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."  N.J.S.A. 12A:2-725(2).

Thus, the first question presented is whether the repair warranty at issue concerns performance of the gel coat upon tender of delivery or performance of the gel coat sometime in the future.  The Court concludes that, under New Jersey law, the warranty is a future performance warranty.

The New Jersey Appellate Division has twice observed that "a seller's agreement to repair or replace defects in parts that become evident during a specified period of time . . . 'cannot be characterized as a mere representation of the product's condition at the time of delivery rather than its performance at a future time.'" *Poli v. Daimlerchrysler Corp.*, 349 N.J. Super. 169, 176-77 (App. Div. 2002) (quoting *Docteroff v. Bara Corp. of Am., Inc.*, 282 N.J. Super. 230, 242 (App. Div. 1995)).  Stated more succinctly, a

6

promise to "repair" a "covered defect [arising] at any time during the period of the warranty" is "a promise relating to '[a good's] performance at a future time.'" *Id.* at 177 (quoting *Docteroff,* 282 N.J. Super at 242).

More recently, Judge Kugler applied *Poli* and *Docteroff* to conclude that a warranty "that promises a future condition-- that the [goods] will be free from defect-- and subsequently contemplates an obligation to repair should the [goods] not perform" is a future performance warranty. *South Jersey Gas Co. v. Mueller Co. Ltd.*, No. 09-4194, 2010 WL 1742542 at *6 (D.N.J. April 27, 2010).[5] Judge Kugler explained that such a warranty "is more than a mere representation of the condition of the goods at the time of delivery or a covenant to repair or replace. It promises that the [goods] will act in a certain way, not merely that the [seller] will act in a certain way." *Id.*

The warranty in this case is similar to the warranties in *Docteroff*, *Poli*, and *South Jersey Gas*. Viking Yacht promised to "replace or repair . . . any part or component . . . which is proven to the satisfaction of Viking to be defective, and which has occurred under normal use and service within the warranty period." (Kasinski Decl. Ex. 1) Such a warranty extends to the performance of the gel coat during the warranty period and thus is a future performance warranty.

Having concluded that the warranty at issue is a future

---

[5] *Affirmed by South Jersey Gas Co. v. Mueller Co. Ltd.*, 2011 U.S. App. LEXIS 9817 (3d Cir. May 13, 2011).

7

performance warranty, one might also conclude that the instant suit, filed in 2011, is timely because the four-year window for filing the instant Complaint began running in April, 2008 when Plaintiff allegedly discovered the gel coat cracking.  However, Viking Yacht, relying on Judge Kugler's extensive analysis in *South Jersey Gas*,[6] argues that the analysis is not so simple.  Viking Yacht argues, and Judge Kugler concluded, that "[N.J.S.A. 12A:2-725(2)] plainly instructs that the running of the statute awaits discovery of the defect, *provided* the defect is discovered during the warranty period." *South Jersey Gas*, 2010 WL 1742542 at *7 (emphasis in original).  In this case, the one year warranty period allegedly began sometime in 2001 and expired sometime in 2002. (See Compl. ¶ 43)  If the Court accepts Viking Yacht's argument, the suit is nevertheless untimely because Plaintiff alleges that the defect was not discovered until April, 2008-- well after the warranty expired.

In *South Jersey Gas*, the warranty period was one year.  2010 WL 174254 at *7.  The defendant seller argued that N.J.S.A. 12A:2-725(2) not only requires a plaintiff consumer to file suit within four years of discovering a defect, but also requires discovery within the warranty period. *Id.*  The defendant thus reasoned that because the plaintiff allegedly had not discovered the defect

---

[6] In affirming the decision, the Third Circuit essentially adopted Judge Kugler's "well-reasoned opinion," stating, "for substantially the same reasons discussed by the District Court, we agree that South Jersey's claims are barred by . . . the statute of limitations." *South Jersey Gas*, 2011 U.S. App. LEXIS 9817 at *3-4.

8

within the one-year warranty period, the suit was time-barred.

On the other hand, the plaintiff argued that "the statute begins to run at the time of the actual or constructive discovery and stops four years later, regardless of the length of the underlying warranty." *South Jersey Gas*, 2010 WL 174254 at *7.

Judge Kugler rejected the plaintiff's argument explaining that it did not "comport[] with the plain and ordinary meaning of the statute." *South Jersey Gas*, 2010 WL 174254 at *7. Beginning with the words of the statute, Judge Kugler observed that the future performance exception applies

> in a subset of cases 'where a breach of warranty explicitly extends to future performance of the goods *and* discovery of the breach must await the time of such performance. The second element of this conjunctive exception explicitly references discovery during 'the time of *such* performance'; in other words, during the warranted period.

*Id.* (quoting N.J.S.A. 12A:2-725(2); italics in *South Jersey Gas*).

Then Judge Kugler explained why this plain reading of the the statute made sense:

> [r]eading the statute as Plaintiff suggests would effectively transform limited warranties for specific periods of time into unlimited warranties . . . . This is almost certainly not the result intended by the New Jersey Legislature. . . . [W]here a seller warrants a product for a specific period of time, it makes sense to delay running of the statute until the defect is discovered, *provided* the defect is discovered during the period for which the product is actually warranted as anything less could potentially dilute or extinguish the value of the warranty purchased.
>    The same rationale does not, however, support delaying the running of the statute of limitations indefinitely simply because the parties to the warranty negotiated a warranty extending into the future. In this case, [plaintiff consumer] purchased . . . a

9

>     one-year warranty.  If [it] had discovered the . . .
>     alleged defect at any point during the pendency of the
>     [warranty], N.J. Stat. Ann. § 12A:2-725(2) would have
>     entitled it to four years within which to bring this
>     suit. Likewise, if [it] had purchased a significantly
>     longer warranty, it might also be entitled to sue. But,
>     [it] did not purchase a longer warranty (presumably
>     because [defendant seller] was unwilling to provide it
>     at an acceptable price) and, of course, did not discover
>     the alleged defect during the one-year warranty period.
>     As a consequence, reading the statute as Plaintiff
>     suggests, would effectively deprive the [defendant
>     seller] of the repose sought by the statute while at the
>     same time affording [plaintiff consumer] with the
>     benefit of a bargain it did not strike.

*South Jersey Gas*, 2010 WL 1742542 at *7-8 (italics in *South Jersey Gas*).

As already noted, the Third Circuit apparently found this reasoning to be sound, and this Court does as well.  Accordingly, this Court holds that the future performance exception found in N.J.S.A. 12A:2-275(2) only applies if the defect is discovered during the warranty period.

Since Plaintiff in this case allegedly did not discover the gel coat defect until after the one-year warranty period expired, Viking Yacht concludes that the breach of warranty claim is time-barred.  But Plaintiff urges the Court to disregard as unconscionable the one-year time limit on the warranty.  The Court rejects Plaintiff's argument.

Relying on a handful of federal district court cases addressing the merits question of whether a defect occurred within the warranty period[7]-- as opposed to the timeliness of the suits--

---

[7]   *See Martin v. Ford Motor Co.*, 765 F.Supp.2d 673 (E.D. Pa. 2011); *Henderson v. Volvo Cars of North America*, No. 09-4146, 2010 WL

10

Plaintiff asserts that, at the very least, the Court should defer its statute of limitations decision until summary judgment where the Court could then consider the factual record, which Plaintiff contends, will support a finding that the warranty's one-year time limit is unconscionable. *See, e.g., Henderson v. Volvo Cars of North America*, No. 09-4146, 2010 WL 2925913 at *9 (D.N.J. July 21, 2010) ("this Court will not dismiss Plaintiff's breach of express warranty claims at this early stage. . . . the issue of unconscionability is . . . more suitable for decision at summary judgment.") (internal citation and quotation omitted).

The Court cannot do so, however, because whether or not it is possible, under New Jersey law, to invalidate a contractual warranty provision on the grounds of unconscionability, as Judge Kugler quite rightly observed in *South Jersey Gas*, it is another matter entirely to "ask[] a federal trial court to ignore a controlling state statute." 2010 WL 1742542 at *10.[8] N.J.S.A. 12A:2-275(2) incorporates the contractual warranty time limit into the statute itself and makes no provision for extending or nullifying that limitation. If it is New Jersey's intention to include an unconscionability exception to the time limit, "the New

---

2925913 (D.N.J. July 21, 2010); *In re Samsung DLP Television Class Action Litigation*, No. 07-2141, 2009 WL 3584352 (D.N.J. Oct. 27, 2009); *Payne v. Fujifilm U.S.A.*, No. 07-385, 2007 WL 4591281 (D.N.J. Dec. 28, 2007).

[8] In *South Jersey Gas* the plaintiff did not argue that the warranty period was unconscionable. Rather, it made equitable and public policy arguments for disregarding the one-year warranty period. 2010 WL 1742542 at *9-10. The Court believes this is a distinction without a difference.

11

Jersey legislature knows how to amend [N.J.S.A. 12A:2-275(2)] to reach this result.  Until such time, the Court will continue to apply the statute of limitations as New Jersey has codified it." *Id.*

Accordingly, the Court concludes that because Plaintiff allegedly did not discover the defect within the one-year warranty period, its breach of express warranty claim is barred by N.J.S.A. 12A:2-275.  Viking Yacht's Motion to Dismiss this claim will be granted.

**B.**

The breach of implied warranties claims are also time-barred.  The implied warranties of merchantability and fitness for a particular purpose "do not explicitly extend to the future performance of the goods."  *South Jersey Gas*, 2010 WL 1742542 at *9 n.2.[9]  Thus, these claims accrued "when tender of delivery [was] made," N.J.S.A. 12A:2-275(2), which allegedly occurred well before

---

[9] *See also Atl. Health Sys. v. Cummins Inc.*, No. 08-3194, 2010 U.S. Dist. LEXIS 133745 at *14 (D.N.J. Dec. 17, 2010) ("Implied warranties, by their very nature, cannot extend to future performance because such an extension must be explicit and an implied warranty cannot explicitly state anything.") (relying on *Dammann & Co.*); *see generally Western Recreational Vehicles v. Swift Adhesives*, 23 F.3d 1547, 1550 (9th Cir. 1994) ("Most courts have been very harsh in determining whether a warranty explicitly extends to future performance.  Emphasizing the word 'explicitly,' they have ruled that there must be specific reference to a future time in the warranty.  As a result of this harsh construction, most express warranties cannot meet the test *and no implied warranties can since, by their very nature, they never 'explicitly extend to future performance.'*"; quoting *Standard Alliance Indus. v. Black Clawson Co.*, 587 F.2d 813, 820 (6th Cir. 1978), *cert. denied*, 441 U.S. 923 (1979)) (emphasis added).

June 21, 2007 (four years before the filing of the Complaint). Accordingly, Viking Yacht's Motion to Dismiss these claims will be granted. *See Id.* (holding time-barred plaintiff's implied warranties claims; relying on *Travelers Indemn. Co. v. Dammann & Co.,* 592 F.Supp.2d 752, 765 (D.N.J. 2008) (citing *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.,* 169 Cal.App.4th 116 (2008))).

### C.

The Magnuson-Moss breach of warranty claim also fails for substantially the same reasons. The Magnuson-Moss Act, 15 U.S.C. § 2301 et seq., does not contain its own statute of limitations. Thus, courts look to the most analogous state law cause of action (which in this case is the breach of warranty claims under the New Jersey U.C.C.[10]) and use the corresponding statute of limitations. *See Highway Sales, Inc. v. Blue Bird Corp.*, 559 F.3d 782, 789 n.6 (8th Cir. 2009) ("plaintiffs' Magnuson-Moss claims are governed by the same limitations period as plaintiffs' state law breach of warranty claims"); *Rawls v. Associated Materials, LLC*, No. 10-1272, 2011 U.S. Dist. LEXIS 84366 at *9-10 (S.D. W. Va. Aug. 1, 2011); *Zaremba v. Marvin Lumber & Cedar Co.*, 458 F. Supp. 2d 545 (N.D. Ohio 2006); *Gernhardt v. Winnebago Indus.*, No. 03-73917, 2006 U.S. Dist. LEXIS 8652 at *14 (E.D. Mich. Feb. 13, 2006); *Murungi v.*

---

[10] Specifically, Plaintiff asserts that "Viking violated 15 U.S.C. § 2301(3) by limiting the written warranty to original purchasers" and "violated 15 U.S.C. § 2308(a) by disclaiming implied warranties." (Compl. ¶¶ 64-65)

13

*Mercedes Benz Credit Corp.*, 192 F. Supp. 2d 71, 79 (W.D.N.Y. 2001); *Snyder v. Boston Whaler*, 892 F. Supp. 955, 960 (W.D. Mich. 1994). Thus, this Court's holdings that the New Jersey U.C.C. breach of warranty claims are time-barred necessitate the same holding with respect to the Magnuson-Moss Act claim. Accordingly, Viking Yacht's Motion to Dismiss the Magnuson-Moss Act claim will be granted.

**IV**.

For the above-stated reasons, Viking Yacht's Motion to Dismiss will be granted in its entirety, and the case will be closed. The Court will issue an appropriate order.

Date: October 7, 2011

                                                         s/ Joseph E. Irenas
                                     JOSEPH E. IRENAS, S.U.S.D.J.